UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MAXWELL J. OSTROWSKI and TARA FULAJTAR, <br><br> Plaintiffs, <br><br> v. <br><br> PROFESSIONAL DEBT MEDIATION, <br><br> Defendant. | CASE NO. 3:25-cv-01529 |

## COMPLAINT

**NOW COMES** MAXWELL J. OSTROWSKI and TARA FULAJTAR ("Plaintiffs"), by and through their undersigned counsel, complaining of PROFESSIONAL DEBT MEDIATION ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), pursuant to Florida Statue § 559.55 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367(a).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     MAXWELL J. OSTROWSKI and TARA FULAJTAR ("Plaintiffs") are natural persons, over 18-years-of-age, who at all times relevant resided in Jacksonville, Florida.

6.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

9.     PROFESSIONAL DEBT MEDIATION ("Defendant") maintains its principal place of business at 4161 Carmichael Ave, Jacksonville, Florida 32207.

10.    Defendant is a debt collection agency that collects debts from consumers nationwide.

11.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12.    Defendant is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt, as defined by Fla. Stat. §§559.72 and 559.51(1).

## FACTUAL ALLEGATIONS

13.    Plaintiffs owed a debt ("subject debt") to Sola South Lux Apartments in Jacksonville, Florida.

14.    At some point in time, the subject debt was sent to Defendant for collections.

15.    On or about August 2025, Plaintiffs began to receive phone call from Defendant on their cellar phones.

16.    At no point in time did Plaintiffs provide Defendant with their cellular phone numbers.

17.    During these phone calls, Defendant's representative advised Plaintiffs that it was

attempting to collect an outstanding debt owed to Sola South Lux Apartments ("subject debt").

18. On August 29, 2025, Plaintiffs sent Defendant a debt validation letter demanding all further communication by cellar phone cease.

19. Despite Plaintiffs' request that Defendant cease its harassing collection calls, Defendant continued placing harassing collection calls to Plaintiffs' cellular phones.

20. Plaintiffs have sent two more letters to defendant request that there be no further contact via cellular phone.

21. On October 28, 2025, Plaintiffs sent the most recent letter via certified mail, which was received by Defendant on October 30, 2025.

22. Defendant has placed numerous calls to Plaintiffs' cellular phones after Plaintiffs requested that the harassing collection calls cease.

23. Defendant places its harassing collection calls from various numbers.

## DAMAGES

24. Defendant's abusive collection practices have severely disrupted Plaintiffs' daily life and general well-being.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiffs actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiffs' time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; the loss of battery charge; and the per-kilowatt electricity costs required to recharge their cellular telephone as a result of increased usage of their cellular phone.

26. Moreover, each time Defendant placed a phone call to Plaintiffs' cellular phones,

Defendant occupied Plaintiffs' cellular phones such that Plaintiffs were unable to receive other phone calls or otherwise utilize their cellular phones while their phones were ringing.

27. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiffs retained counsel to file this action to compel Defendant to cease its abusive conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**a. Violations of FDCPA §1692c**

28. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

29. As set forth above, Plaintiffs requested that Defendant cease its collection calls to their cellular phone.

30. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiffs.

31. Defendant violated § 1692c(a)(1) when it placed numerous collection calls to Plaintiffs' cellular phones number at a time Defendant knew to be inconvenient to Plaintiffs.

32. In other words, since Plaintiffs did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiffs.

**b. Violations of FDCPA §1692d.**

34. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person

4

in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Defendant violated §§ 1692d and d(5) when it placed numerous calls to Plaintiffs' cellular phones number in an attempt to collect the subject debt after being requested to stop.

37. Defendant's conduct in systematically calling Plaintiffs' cellular phones number in an attempt to collect the subject debt was harassing and abusive.

38. Defendant's collection calls to Plaintiffs' were made with the specific intent of annoying, harassing, and abusing Plaintiffs as Plaintiffs informed Defendant they no longer wished to be contacted on their cellular telephone.

39. The fact that Defendant knowingly placed calls to Plaintiffs after Plaintiffs requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiffs.

    **b. Violations of FDCPA §1692g(a)**

40. 15 U.S.C. §1692g(a) requires a debt collector to send the consumer a written notice containing information regarding the debt it is attempting to collect within 5 days of the initial communication with the consumer.

41. The required disclosures are commonly referred to as the "validation notice."

42. Defendant violated §1692g(a) by failing to send Plaintiffs a validation notices within five days of its initial communication with Plaintiffs in August 2025.

43. As a result of Defendant's failure to provide Plaintiffs with information regarding the subject debt, Plaintiffs were deprived of critical information required by the FDCPA.

**WHEREFORE,** Plaintiffs request that this Honorable Court enter judgment in their favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the Fair

Debt Collection Practices Act;

b. Awarding Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiffs their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

44. Plaintiffs repeat and reallege all preceding paragraphs as though fully set forth herein.

45. At all times relevant to this Complaint, Plaintiffs were and are natural persons and are "consumers" as defined by Florida Statute § 559.55(8).

46. At all times relevant, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt, as defined by Fla. Stat. §§559.72 and 559.51(1).

47. At all times material hereto, the subject debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

a. **Violations of FCCPA § 559.72(9)**

48. A creditor violates § 559.72(7) of the FCCPA when willfully communicating with the debtor or any member of her or their family with such frequency as can reasonably be expected to harass the debtor.

49. Defendant violated section § 559.72(7) of the FCCPA when it continuously placed calls to the Plaintiffs after being requested to stop.

6

50. Defendant's collection calls were made with the intent to harass Plaintiffs and designed to pressure Plaintiffs into making payment on the subject debt.

**WHEREFORE**, Plaintiffs request that this Honorable Court enter judgment in their favor as follows:

a. Entering judgment in Plaintiffs' favor and against Defendant;

b. Awarding Plaintiffs actual damages in an amount to be determined at trial, pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Awarding Plaintiffs statutory damages pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Awarding Plaintiffs equitable relief including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Awarding Plaintiffs costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

g. Awarding Plaintiffs any other relief as this Honorable Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury.

Dated: December 12, 2025                    Respectfully submitted,

/s/ Maxwell W. Brooks
Maxwell W. Brooks
Counsel for Claimants
Sulaiman Law Group, Ltd.

2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181 x 134
mbrooks@atlaslawcenter.com
Counsel for Claimants